IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:

Jayne M. Carter,                                                                                      (Chapter 7)

           Debtor.                                                              Case No. 15-10406

## MEMORANDUM DECISION

Debtor, Jayne Carter, commenced this Chapter 7 case on February 10, 2015. In her schedules she claimed fee simple ownership of two pieces of real property; 4229 Barby Lane, Madison, Wisconsin (the "Madison residence"), and 5370 Linden Street, Laona, Wisconsin (the "Laona residence"). Although Carter maintained legal residence in Madison at the time of filing, she claimed the Laona residence as her exempt homestead under Wis. Stat. § 815.20. The Chapter 7 trustee objected to the claimed exemption.

Carter purchased the Madison residence in 2011. She testified that the Madison residence was her primary residence from the time of purchase until July 8, 2015. She used the Madison residence address on her driver's license at the time of filing. She received mail at that address. She claimed and received a homestead property tax credit for the Madison residence for 2013 and 2014. She also listed the Madison address on her vehicle title and registration, her 2013 and 2014 tax returns, and on her bankruptcy petition.

Carter's father built the Laona residence in the mid-1950s. Before July 8, 2015, Carter had last used the Laona residence as her primary residence sometime in 1982. It was, however, conveyed to her by a warranty deed subject to her mother's life estate in 1986. That deed was recorded in the Forest County, Wisconsin, Register's Office on January 4, 2002. Carter's mother

1

died in 2004. Carter moved many of the furnishings from the Laona residence to her home in Madison.

Carter spent at least two weekends a month and several weeks during the summer at the Laona residence from 2002 until July, 2015, except 12 months following her divorce in 2009 when she lived in Florida. Carter testified that the Laona residence was furnished and that she kept canned and frozen food and some of her clothing there. She said she always considered the Laona residence as her home because all of her family lived in the Laona area and she had no substantial ties to Madison. On July 8, 2015, after finding employment in the Laona area, Carter moved from Madison to the Laona residence.

Carter sought exemption for the Laona residence under Wis. Stat. § 815.20. She relied on the interpretation of that statute in *In re Lackowski*, No. 08-21496-pp (Bankr. E.D. Wis. Sept. 2008). The trustee objected to the claimed exemption on the grounds that Carter resided in Madison, not Laona, at the time her petition was filed.

Wis. Stat. § 990.01(14) defines an exempt homestead as follows:

> "Exempt homestead" means the dwelling, including a building, condominium, mobile home, manufactured home, house trailer or cooperative or an unincorporated cooperative association, and so much of the land surrounding it as is reasonably necessary for its use as a home, but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitations as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value.

Wis. Stat. § 990.01 (2015). Further, Wis. Stat. § 815.20(1) codifies Wisconsin's state homestead exemption. To wit:

> An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000, except mortgages, laborers', mechanics', and purchase money liens and taxes and except as otherwise provided. The exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the

2

sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $75,000, while held, with the intention to procure another homestead with the proceeds, for 2 years.

Wis. Stat. § 815.20 (2015).

As this court has previously noted, "Wisconsin has a public policy of protecting the homestead exemption and homestead statutes have enjoyed particularly liberal construction." *In re Laube*, 152 B.R. 260, 261 (Bankr. W.D. Wis. 1993) (citations omitted). Thus, "[a]s stated by the Wisconsin Court of Appeals, 'homestead statutes are remedial legislation and, as such, are to be liberally construed in favor of the debtor.'" *Id.* (citing *State Central Credit Union v. Bigus*, 304 N.W.2d 148 (Wis. Ct. App. 1981)). Further, "[u]nder Wisconsin law, there is a presumption that the property a debtor selects as the homestead for purposes of the exemption is, in fact, homestead property." *In re Lackowski*, No. 08-21496-pp, at *7 (Bankr. E.D. Wis. Sept. 2008) (citing *Moore v. Krueger*, 507 N.W.2d 155, 159 (Wis. App. 1993)). Additionally, under FRBP 4003(c), "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bank. P. 4003. Accordingly, here, there is a liberally construed presumption that Carter's claimed exemption is valid, and the burden is on the trustee to demonstrate that it is not.

In *Lackowski*, the court addressed the application of § 815.20(1) to a debtor who maintained legal residence in one home yet claimed to occupy another as her homestead. No. 08-21496-pp (Bankr. E.D. Wis. Sept. 2008). There, the debtor's apparent legal residence was 6628 South 13th Street, Oak Creek, Wisconsin (the Oak Creek property), in Milwaukee County. She listed the Oak Creek address on her state tax returns for the three years preceding her bankruptcy filing, listed it as her address on her car title and ATV registration, listed it as her address on her driver's license, and listed it as her address on her Chapter 7 petition. However, in her

3

bankruptcy she claimed the § 815.20(1) exemption for a mobile home located at 763 S. Walker Street in Adams, Wisconsin.

In response to the trustee's objection, the debtor testified that she only resided at the Oak Creek property during the work week, that the referenced documents simply bore the Oak Creek property address out of convenience, and that she considered the Adams property to be her home. *Id.* at 4 – 6. As to her occupancy of the Adams property, the debtor "testified that when she was not working, she was at the [Adams property]." *Id.* at 4. Additionally, the debtor testified that "she spent holidays at the Adams property," that the Adams property was "fully furnished as a home," that "she had no family in the Milwaukee area," that she "owned a burial plot in Adams," and that the Adams property was the only real property she had ever owned. *Id.* at 3 – 4, 6.

In conducting its analysis, the *Lackowski* court observed that:

> The first sentence of § 815.20 lays out three questions a debtor must answer in the affirmative in order to avail herself of the [$75,000] homestead exemption for a particular property. First – is the property a dwelling of the type described in Wis. Stat. § 990.01(14)? Second, has the debtor 'selected' the property as her homestead? And third, does the debtor 'occupy' the property?

*Id.* at 7.

The debtor in *Lackowski* easily answered yes to the first two questions; mobile homes are expressly included within the § 990.01(14) definition, and the Adams property was the only property owned by the debtor and, thus, the only property she was eligible to select. As to the third question, occupancy, the court found that:

> The evidence in the current case indicates that the debtor has spent significant time in two different properties simultaneously for a decade. Both properties are furnished and 'livable.' The debtor has habitation rights in both. She resides in one of those properties on weekends and holidays, the other during the work week.

4

*In re Lackowski*, No. 08-21496-pp, at *15 (Bankr. E.D. Wis. Sept. 2008).

In response to the trustee's argument, "[t]he Court [agreed] with the trustee that the overwhelming majority of the evidence presented to the Court [supported] the conclusion that the debtor [considered] the [Oak Creek property] to be her 'legal residence.'" *Id.* at 16. However, the court held that:

> [Section] 815.20 does not hinge on where the debtor maintains her 'legal residence.' Rather, it hinges on whether the debtor 'occupies' the property. 'Occupancy' is different from 'legal residence.' While the trustee has demonstrated that the debtor does not consider the Adams County property her legal residence, he has not demonstrated that she does not 'occupy' the Adams County property. True, she also 'occupies' the Milwaukee County property. But the statute and case law do not prohibit one from occupying two residence – only from claiming both as homesteads. True, the debtor does not 'occupy' the Adams County property seven days a week, 365 days a year. But the cases demonstrate that such continuous occupancy is not required. All that the statute requires is that the debtor 'occupy' the property.

*Id.* at 17. Accordingly, the court found that the debtor had validly claimed the § 815.20(1) exemption for the Adams Property.

Like the *Lackowski* debtor, Carter must affirmatively answer all three questions presented by § 815.20(1) as to the Laona residence for that property to be eligible for the § 815.20(1) exemption. Carter easily answers yes to the first two questions. The Laona residence is a residence of the type described in Wis. Stat. § 990.01(14), and she has selected it as her homestead. Like *Lackowski*, the evidence in this case indicates that Carter spent significant time at two different properties simultaneously for the better part of a decade. Both of the properties were livable, Carter had habitation rights in both, and she resided in the Laona residence on weekends and holidays and in the Madison residence during the work week. That limited residence in Laona constitutes occupying the premises.

5

As in *Lackowski*, the trustee here has demonstrated that Carter considered the Madison residence to be her legal residence. However, he has failed to demonstrate that Carter did not occupy the Laona residence as required by the statute. Although the overwhelming weight of the documentary evidence points to the Madison residence as Carter's "legal residence," per *Lackowski* "'occupancy' is different from 'legal residence,'" and the latter is not necessary to establish the former under § 815.20(1).

The trustee has not met the burden required to upset the presumption favoring the debtor's choice of homestead. The objection to the exemption must be overruled. It may be so ordered.

Dated: April 15, 2016

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE